657 S.E.2d 780

**In the Matter of Joshua Hunter NORRIS, Respondent.**

**No. 26431.**

Supreme Court of South Carolina.

Submitted Jan. 11, 2008.
Decided Feb. 11, 2008.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

Desa A. Ballard, of Law Offices of Desa Ballard, PA, of West Columbia, for respondent.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to issuance of either an admonition or public reprimand. We accept the agreement

538

and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

Respondent represented the estate of a decedent in a malpractice/wrongful death suit on a contingency basis. Respondent contracted for paralegal services and charged the estate $6,300 for these services. Respondent believed these services were covered by his contract which provided for the client to pay expenses related to litigation. When the complainant, an attorney appointed as the personal representative of the estate, objected to these fees believing they should have been covered by the contingency fee, respondent refunded the total amount to the estate.

The complainant also objected to expert bills submitted as part of the settlement statement as he believed these fees had been falsified. Respondent's wife had assisted respondent in preparing the settlement statement and had been responsible for collecting these bills. Respondent submits that, in investigating the matter, he confronted his wife and she admitted falsifying a number of the doctors' bills.[1] Respondent acknowledges that he is responsible for the actions of his staff and that he should have checked the bills closely before submitting them as part of the settlement statement.

## LAW

Respondent admits that he has committed misconduct in violation of the Rules of Professional Conduct, Rule 407, SCACR, particularly Rule 1.1 (lawyer shall provide competent representation to client), Rule 1.5 (lawyer shall not charge unreasonable amount for expenses; contingency fee agreement must set forth expenses to be deducted from recovery), and Rule 5.3 (lawyer who possesses supervisory authority over non-lawyer shall make reasonable efforts to ensure non-lawyer's conduct is compatible with professional obligations of lawyer and shall be responsible for non-lawyer's conduct if the conduct would be violation of Rules of Professional Conduct if engaged in by lawyer). Respondent acknowledges that his

---

1. Respondent and his wife have since divorced.

misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.